IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC BEICHNER, Individually,

    Plaintiff,

vs.

CITY OF OIL CITY; LIEUTENANT CORY RUDITIS; PTLM REGINA DELOE,

    Defendants.

Civil Action No.: 1:22-cv-125

## PLAINTIFF'S COMPLAINT

Plaintiff ERIC BEICHNER, by his attorneys PAUL JUBAS LAW, P.C., and MAX PETRUNYA, P.C., hereby alleges as follows:

## INTRODUCTION

1. Plaintiff Eric Beichner ("Eric Beichner") spent nearly two (2) years in jail facing criminal charges for a crime he did not commit.

2. Plaintiff was accused of the criminal homicide of Danny T. Kulling, II on December 24, 2017.

3. Plaintiff Eric Beichner was dismissed from all charges on April 14, 2020, before a trial was scheduled based on a complete lack of probable cause.

4. Plaintiff brings the within claims based on the conduct of the Defendants, which caused Plaintiff to serve two (2) years of unnecessary jail time while waiting to be tried for a crime he did not commit, nor one that the Defendants could prove.

1

**FACTUAL ALLEGATIONS**

*Danny Kulling Disappearance and Investigation*

5. 34-year-old Danny Kulling was reported missing by his family on December 24, 2017.

6. Mr. Kulling was missing for approximately 151 days before his body was discovered in the Allegheny River by two kayakers on May 28, 2018.

7. The kayakers called the police and the Pennsylvania State Police arrived on scene to recover Mr. Kulling's body and interview both witnesses.

8. At the scene, Forensic Pathologist Dr. Eric Lee Vey, M.D. could not determine the cause of Mr. Kulling's death.

9. It is also noted in the State Trooper's report that Mr. Kulling was known to be violent and unstable.

10. Additionally, Mr. Kulling had an ankle monitor bracelet affixed to his leg at the time of his death.

11. On May 29, 2018 following a complete autopsy by Dr. Vey, his conclusion regarding the cause of Mr. Kulling remained undetermined pending toxicology results.

12. No wounds were found on the victim and no external or internal injuries were noted either.

13. On June 5, 2018, Oil City Police Chief Robert Wenner and Oil City Police Officer Cory Ruditis met with Pennsylvania State Police to discuss the Kulling matter, including the findings from the autopsy and status of the investigation into Mr. Kulling's disappearance.

14. At the time of this June 5, 2018 meeting, Oil City Police Department's investigation

indicated that there was no credible information implicating anyone in the death or disappearance of Danny Kulling, which was confirmed by Chief Wenner at the time of his meeting with the Pennsylvania State Police.

15. On August 31, 2018, based upon the autopsy and toxicology report now fully developed, Forensic Pathologist Vey concluded that Mr. Kulling died from drowning as a terminal complication of combined drug toxicity.

16. Despite these conclusions, the Oil City Police Department investigation remained open and police continued to interview witnesses related to the Kulling drowning.

17. On February 4, 2019, based on the alleged testimony from confidential witnesses, Oil City Police Department arrested and charged Eric Beichner with murder for the death of Danny Kulling.

18. Defendants did so despite knowing that the information it allegedly had implicating Plaintiff Beicher was not sufficient to sustain charges against Mr. Beichner, who ultimately was dismissed from the case based on a lack of evidence.

19. For reasons other than to bring the Plaintiff to justice, Defendants brought homicide charges against Plaintiff despite knowing that there was insufficient evidence to support a claim against Plaintiff, including evidence to prove that Danny Kulling was murdered.

20. Accordingly, Plaintiff's Constitutional Rights pursuant to the Fourth and Fourteenth Amendment were violated by the acts of the Defendants, who were then and there acting under color of state law.

**JURISDICTION and VENUE**

21. This action is brought pursuant to 42 U.S.C. §1983, to redress the deprivation under

3

color of law of Plaintiff's rights as secured by the United States Constitution.

22. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

23. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

24. Venue is proper within the Western District of Pennsylvania under 28 U.S.C. §1391(b) in that this is the District in which the claims arose.

## JURY DEMAND

25. Plaintiff demands a trial by jury on all issues and claims set forth in this Complaint, pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38(b).

## PARTIES

26. Plaintiff ERIC BEICHNER is and was at all times relevant a resident of the Commonwealth of Pennsylvania.

27. Plaintiff was arrested on February 4, 2019 for a crime he did not commit and for which he would later be dismissed of all charges.

28. Defendant CITY OF OIL CITY was and is a municipality that is a political subdivision of the Commonwealth of Pennsylvania, and was the employer of Defendant PTLM REGINA DELEO, LIEUTENT RUDITIS, and is and was at all times relevant to this Complaint responsible for the policies, practices, and customs of the Oil City Police Department. All of the Defendants working for Defendant Oil City acted under color of state law and consistent with the customs, patterns, and practices established by the Defendant.

29. Defendant PTLM REGINA DELEO, at all times relevant to this Complaint, was an officer for the Oil City Police, and is identified as one of the Primary Officers in the arrest of Eric Beichner. At all times relevant hereto, Defendant PTLM REGINA DELEO was acting under color of state law and was one of the prosecuting officers in the investigation of the crime at issue, along with the arrest, incarceration, and prosecution of Plaintiff Eric Beichner.

30. Defendant LIEUTENANT CORY RUDITIS, at all times relevant to this Complaint, was an officer for the Oil City Police, and is identified as one of the Primary Officers in the arrest of Eric Beichner. At all times relevant hereto, Defendant RUDITIS was acting under color of state law and was one of the prosecuting officers in the investigation of the crime at issue, along with the arrest, incarceration, and prosecution of Plaintiff Eric Beichner.

**DAMAGES**

31. Defendants' unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad faith acts and omissions caused Plaintiff Eric Beichner to be falsely arrested and imprisoned for approximately two (2) years.

32. As a direct result of Defendants' intentional, bad faith, willful, wanton, reckless, and/or deliberately indifferent acts and omissions, Plaintiff Beichner sustained injuries and damages, which continue to date and will continue into the future, including: loss of freedom for more than two (2) years; physical pain and suffering; severe mental anguish; emotional distress; loss of family relationships; severe psychological damage; legal expenses; loss of income and career opportunities; humiliation, indignities and embarrassment; degradation; permanent loss of natural psychological development; and restrictions on all forms of his freedoms for which he is entitled to monetary relief.

33. Plaintiff Eric Beichner continues to suffer physical, emotional, mental, and psychological damages as a result of the Defendants' conduct.

34. These injuries and damages to Plaintiff Eric Beichner were foreseeable to Defendants at the time of their acts and omissions.

35. All of the acts and omissions committed by Defendants were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently, and/or with bad faith, and said acts meet all of the standards for the imposition of punitive damages.

**COUNT I – 42 U.S.C. § 1983**

**Malicious Prosecution – Fourth Amendment**

**Plaintiff v. Individual Defendants DeLeo and Ruditis**

36. Plaintiff hereby incorporates all preceding paragraphs of this Complaint, as if set forth more fully herein.

37. The Individual Defendants caused the initiation of criminal charges against Plaintiff Eric Beichner without probable cause, with malice, and thereby subjected Plaintiff to malicious prosecution in violation of his Constitutional rights under the Fourth Amendment to the United States Constitution.

38. All charges against Plaintiff Eric Biechner were terminated in his favor on April 21, 2020, when Plaintiff Eric Beichner was dismissed from the case.

39. The individual Defendants acted under color of state law, and acted intentionally, with reckless disregard for the truth, and with deliberate indifference to Plaintiff Eric Beicher's clearly established Constitutional rights.

40. The Individual Defendant acted maliciously and for a purpose other than bringing Plaintiff Eric Beichner to justice.

41. As a direct result of the actions and omissions of the Defendants as identified herein, Plaintiff Eric Beichner was injured and suffered a significant deprivation of his liberty, causing damages as detailed herein.

42. The acts and omissions of the Defendant described herein caused Plaintiff's injuries as the Defendants knew, or should have known, that their conduct would result in the wrongful arrest, prosecution, and incarceration of Plaintiff Eric Beichner.

## COUNT II

### Due Process – Fourteenth Amendment

### Plaintiff v. Individual Defendants DeLeo and Ruditis

43. Plaintiff hereby incorporates all preceding paragraphs of this Complaint, as if set forth more fully herein.

44. The Individual Defendants caused the initiation of criminal charges against Plaintiff Eric Beichner without probable cause, with malice, and fabricated evidence and statements against Plaintiff Eric Beichner, and also withholding exculpatory evidence, depriving Plaintiff of his due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

45. All of the individual Defendants acted under color of state law, and acted intentionally, with reckless disregard for the truth, maliciously, and with deliberate indifference to Plaintiff Eric Beichner's clearly established Constitutional rights.

46. As a direct result of the actions and omissions of the Defendants as identified herein, Plaintiff Eric Beichner was injured and suffered a significant deprivation of his

Constitutional rights, causing damages as detailed herein.

47. The acts and omissions of the Defendants described herein caused Plaintiff's injuries as the Defendants knew, or should have known, that their conduct would result in the wrongful arrest, prosecution, and incarceration of Plaintiff Eric Beichner.

## COUNT V

**42 U.S.C. § 1983 – Supervisor Liability**

**Plaintiff v. Supervisor Defendants for Oil City and Oil City**

48. Plaintiff hereby incorporates all preceding paragraphs of this Complaint, as if set forth more fully herein.

49. The Supervisory Defendants of the Defendant Oil City acted with impunity in an environment in which they were not adequately supervised, disciplined, or trained by the Supervisory Defendants, in this case and as a matter of practice.

50. Supervisory Defendants acted with gross negligence, recklessness, and/or deliberate indifference to the Constitutional rights of citizens by failing to provide adequate training, supervision, and discipline to the Defendant officers, thereby causing the individuals to deprive Plaintiff Eric Beichner of his clearly established Constitutional rights, including the right to be free from false imprisonment, malicious prosecution, and deprivation of his due process rights.

51. If Supervisory Defendants had not provided grossly inadequate training, supervision, and discipline to the Defendant officers and prosecutors, they would not have engaged in the unlawful, intentional, wanton, reckless, and deliberately indifferent conduct which caused violations of the Constitutional rights of Plaintiff Eric Beichner. Defendants Ruditis and DeLeo

were directly involved in the investigation of Plaintiff Eric Beichner and the Danny Kulling disappearance, and the Supervisory Defendants directly supervised the specific investigative acts taken by the law enforcement officers in this case.

52. The grossly negligent, reckless, and/or deliberately indifferent conduct of Supervisory Defendants was done while acting under color of state law, in violation of their clearly established duty to supervise Defendants, and no reasonable law enforcement supervisor would have believed that the grossly negligent, reckless, and/or deliberately indifferent supervision in the face of actual or constructive notice of misconduct by their subordinates was lawful.

53. As a direct and proximate result of Defendants' actions and inactions, Plaintiff Eric Beichner was wrongfully arrested, prosecuted, and incarcerated for over two (2) years, suffering from the injuries identified herein.

## STATE LAW CAUSES OF ACTION

### COUNT VI – Pennsylvania State Law Malicious Prosecution/Abuse of Process

### Plaintiff v. Individual Defendants DeLeo and Ruditis

54. Plaintiff incorporates all prior paragraphs of this Complaint, as if set forth more fully herein.

55. The Individual Defendants initiated criminal proceedings against Plaintiff Eric Beichner without probable cause, with malice, and the proceedings were ultimately terminated in Plaintiff Eric Beichner's favor on April 14, 2020, when Venango County Court of Common Pleas Judge Robert L. Boyer.

56. As a direct and proximate result of this malicious prosecution, Plaintiff Eric Beichner sustained the injuries and damages as detailed herein.

9

**WHEREFORE,** Plaintiff Eric Beichner requests the following**:**

A. This Honorable Court award compensatory damages to Plaintiff and against all Defendants, in an amount to be determined at trial;

B. This Honorable Court award punitive damages to Plaintiff and against all Individual Defendants in their individual capacity, in an amount to be determined at trial and in an amount that will deter such conduct by Defendants in the future;

C. Trial by Jury;

D. Pre-judgment and post-judgment interest and recovery of Plaintiff's costs, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and,

E. Any and all other relief for which Plaintiff may be entitled.


**PLAINTIFFS DEMANDS A TRIAL BY JURY.**

                    Respectfully submitted,

                    By: /s/ Max Petrunya
                        MAX PETRUNYA, ESQUIRE
                        Pa. I.D. No.: 309122

                        MAX PETRUNYA, P.C.
                        5 Bayard Rd. Unit 917
                        Pittsburgh, PA 15213
                        (412) 720-3497
                        maxpetrunyapc@gmail.com

By: /s/ Paul Jubas
PAUL JUBAS, ESQUIRE
Pa. I.D. No.: 311832

PAUL JUBAS LAW
P.O. Box 10704
Pittsburgh, PA 15203
(412) 230-0023
pjubasesq@gmail.com

Counsel for Plaintiff